All right, I see Mr. Postman. Yes, Your Honor. All right, and I see Ms. Evangelos. All right, we can proceed. Ms. Evangelos. Thank you, Your Honor, and may it please the court. D.N.A. Evangelos on behalf of Postmates. I'd like to reserve two minutes for rebuttal. That's fine. This case is about whether 200 claimant appellees violated the individual arbitration requirement in their arbitration agreements with Postmates when they aggregated their arbitration demands together. Before we get to the merits, we need to think about appellate jurisdiction. I'm worried about 9 U.S.C. section 16b1 and 2, which say that there can't be any appeal from the district court order staying litigation in favor of arbitration. And the district court certainly described its order as one staying this litigation in favor of arbitration. So how is this appealable? This is appealable, Your Honor, as this court's decision in American International Specialty Lines versus Electronic Data Systems Corporation explained, because the case was brought solely for an order compelling arbitration. And when that was disposed of, disposed of the case entirely. So it does not matter that the case was stayed. It was stayed merely for the purpose of allowing the parties to come back and affirm an arbitral award. That happens frequently. And it is therefore a final decision. If you look at the Supreme Court's decision in Greentree, Greentree said that an order in favor of arbitration is final. If it really is the end of the case. But what you're saying is, well, it's final even if it's not the end of the case, even if there are going to be more proceedings such as confirming an award. That does seem different from what Greentree said. No, Your Honor. Actually, our position is entirely consistent with Greentree, where there's nothing left for the court to do. And here, there is nothing left of this case. Whether there's something left is, you just said, well, to confirm an award, we'd go back to the same district court. What Greentree assumed was true was that to confirm an award, you have to file a brand new lawsuit, which might go, who knows, to what court or what judge. If this is a stay and the same judge is going to be back thinking about confirming an award, it sounds like it's squarely within the law.